# IN THE UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK BISHOP, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: _____ |
| | ) |
| | ) |
| **CITY OF LEEDS,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race and retaliation against the Plaintiff, Patrick Bishop, Sr. (hereinafter "Plaintiff" or "Bishop"). This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.SC. § 1981, 42 U.SC. § 1983 and 42 U.S.C. 2000e, as amended. Plaintiff requests a trial by jury of all triable issues.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), and 42 U.S.C. § 2000e-5.

1

3. Venue is proper in this Court.

## PARTIES

4. Plaintiff, Patrick Bishop, Sr., is a fifty-one (51) year old African American male citizen of the United States and of the State of Alabama. Plaintiff is a resident of this Judicial District and Division.

5. Defendant City of Leeds ("Defendant" or City") is a local agency of the State of Alabama. At all times relevant hereto the Defendant has engaged in business in Leeds, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991 amendments thereto.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at the City of Leeds Police Department.

7. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

8. Plaintiff timely filed his Charge of Discrimination (420-2021-02405) against Defendant with the Equal Employment Opportunity Commission within 180 days of the commission of the unlawful employment practices alleged herein. (Exhibit A)

9. On June 9, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue regarding his EEOC Charge. Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue. (Exhibit B)

10. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

11. Plaintiff is a fifty-one (51) year old, African American male.

12. Plaintiff has been discriminated against because of his race and has been denied rights afforded to him under the Constitution and laws of the United States.

13. Plaintiff began employment with the City of Leeds Police Department on or around June 22, 2021 as a police officer.

14. On June 29, 2021, Plaintiff was sworn in as a police officer by Chief Jim Atkinson.

15. From June 29, 2021 through July 1, 2021, Plaintiff worked three shifts on duty as a police officer for the City of Leeds. During one shift, Plaintiff executed a search warrant on a rape suspect in Alabaster, Alabama.

16. On July 1, 2021, Plaintiff was instructed by the City of Leeds to not return to work. This came after the Plaintiff provided a copy of his driver's license (showing his picture and race) to a staff member of the City of Leeds Mayor, David Miller, a white male.

17. After Plaintiff provided a copy of his license and was instructed to not return, the City of Leeds immediately hired Officer Jacob Turnbloom, a white male. Upon information and belief, Officer Turnbloom has an extensive disciplinary history as a police officer.

18. Plaintiff has been discriminated against by Defendant based on his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

19. The actions of the Defendant of wrongfully removing him from his position as a police officer has caused the Plaintiff financial loss. Defendant's actions have caused Plaintiff emotional distress and a contracted quality of life.

20. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race.

21. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT ONE
## STATEMENT OF PLAINTIFF'S TITLE VII RACE DISCRIMINATION CLAIM AGAINST DEFENDANT

22. Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

23. Plaintiff has been discriminated and retaliated against because of his race and has been denied rights afforded to him under the Constitution and laws of the United States.

24. Plaintiff began employment with the City of Leeds Police Department and was later wrongfully removed from his position after the City of Leeds Mayor, a white male, discovered that Plaintiff was African American.

25. The Defendant then immediately hired a white male who, upon information and belief, had a lengthy disciplinary history as a police officer, to replace the Plaintiff.

26. Plaintiff has been discriminated against by Defendant based on his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5

27. The actions of the Plaintiff's supervisors, including the removal of Plaintiff from his position as a police officer, has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

28. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race against its employees.

29. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

30. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment on the basis of race.

31. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

32. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the discrimination Plaintiff has been forced to endure.

33. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to

protect his legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant.

34. As a result of the above actions, the Plaintiff has been, and will continue to be, injured and damaged.

## COUNT TWO
## PLAINTIFF'S CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AGAINST DEFENDANT

35. Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty-one (21) as if fully set forth herein.

36. Plaintiff has been discriminated against because of his race and has been denied rights afforded to him under the Constitution and laws of the United States.

37. Plaintiff has been discriminated against based on his race, white, in violation of 42 U.S.C. § 1981.

38. By and through their conduct as described herein and acting under color of state law the Defendant is liable for violations of 42 U.S.C. § 1983 which prohibits the deprivations, under color of state law, of rights secured under the United States Constitution.

39. Plaintiff began employment with the City of Leeds Police Department and was later wrongfully removed from his position after the City of Leeds Mayor, a white male, discovered that Plaintiff was African American.

40. The Defendant then immediately hired a white male who, upon information and belief, had a lengthy disciplinary history as a police officer, to replace the Plaintiff.

41. Plaintiff has been discriminated against by Defendant based on his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

42. The actions of the Plaintiff's supervisors, including the removal of Plaintiff from his position as a police officer, has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

43. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race against its employees.

44. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

45. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment on the basis of race.

46. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

47. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the discrimination Plaintiff has been forced to endure.

48. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect his legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant.

49. As a result of the above actions, the Plaintiff has been, and will continue to be, injured and damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto, and 42 U.S.C. § 1981;

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C.	Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied, or in the alternative, front pay;

D.	Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E.	Award Plaintiff his costs and expenses, including an award of reasonable attorney's fees; and,

F.	Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

Respectfully Submitted,

/s/ Scott T. Morro
Scott Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 285-8542
morrowlawcenter@bellsouth.net

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

10