FILED
2023 Oct-31  PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BISHOP, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 2:23-cv-01048-AMM |
| ) | |
| CITY OF LEEDS; *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, designated as City of Leeds (the "City"), and hereby submits this brief in support of its motion to dismiss Plaintiff's Complaint for failure to state any claims upon which relief may be granted.

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................6

II.   STANDARD OF REVIEW ...................................................................6

III.  LEGAL ARGUMENT ...........................................................................7

    A.   **Plaintiff's Complaint Is Due To Be Dismissed For Failure To Satisfy Federal Pleading Standards.** ..................................................7

    B.   **Plaintiff's Complaint Constitutes An Impermissible Shotgun Pleading.** ..................................................................................9

    C.   **Plaintiff's Complaint Fails To State A Claim For Discrimination.** .................................................................................11

        (1)   Plaintiff's Complaint Makes Mere Conclusory Allegations. ............................................................................. 12

        (2)   Plaintiff's § 1983 and § 1981 Claims, Respectively, Fail To Allege Facts Necessary To Place Liability On A Municipality And A Discriminatory Intent. ........................................ 13

        (3)   Plaintiff's Complaint Fails To Allege An Adverse Employment Action. ............................................................... 14

        (4)   Plaintiff's Complaint Fails To Identify Substantially Similar Comparators. ............................................................. 17

IV.  CONCLUSION ....................................................................................19

# **TABLE OF AUTHORITIES**

**CASES**

*Abel v. Dubberly*, 210 F.3d 1334 (11th Cir. 2000) .................................................. 11

*Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253
   (11th Cir. 2010) ..................................................................................................... 11

*Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d
   364 (11th Cir. 1996) ................................................................................................ 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................... 6, 7, 8, 10, 11

*Bell v. Ala. DOT*, No. 2:18-CV-01122, 2021 U.S. Dist. LEXIS 5330
   (N.D. Ala. Jan. 12, 2021) ....................................................................................... 16

*Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) .................................. 16

*Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991) ....................................... 14

*Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001) .................................................... 9

*Carter v. City of Melbourne*, 731 F.3d 1161 (11th Cir. 2013) ................................. 13

*Chapman v. U.S. Postal Serv.*, 442 F. App'x 480 (11th Cir. 2011) .................. 15, 16

*Conley v. Gibson*, 355 U.S. 41 (1957) ....................................................................... 6

*Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008) ............................................... 15

*Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955
   (11th Cir. 2008) ..................................................................................................... 15

*Davis v. Town of Lake Park*, 245 F.3d 1232 (11th Cir. 2001) .......................... 15, 16

*Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261 (11th Cir. 2008) ....................... 11

*Goodine v. Suffolk Cty. Water Auth.*, No. 14-CV-4514, 2017 U.S.
   Dist. LEXIS 50435 (E.D.N.Y. Mar. 31, 2017) ..................................................... 18

*Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995) .................................... 11

*Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935
    (11th Cir. 2011) .................................................................................................. 8

*Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396
    (S.D.N.Y. 2014) ............................................................................................ 12, 18

*Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563
    (11th Cir. 2010) ................................................................................................ 15

*Hudson v. Univ. of Ala. Healthcare Sys.*, No. 16-0026-WS-N, 2016
    U.S. Dist. LEXIS 101486 (S.D. Ala. Aug. 3, 2016) ........................................ 15

*Jefferson v. Sewon Am., Inc.*, 891 F.3d 911 (11th Cir. 2018) ................................. 16

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989) ............................................. 13

*Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313
    (11th Cir. 2003) ................................................................................................ 11

*Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019) ................................. 18

*Lewis v. City of Union City, Ga.*, 934 F.3d 1169 (11th Cir. 2019) .......................... 14

*Marshall v. Mayor of Savannah*, 366 F. App'x 91 (11th Cir. 2010) ....................... 16

*McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798 (11th Cir. 2014) ........................ 16

*McElroy v. Alosi*, Civil Action No. CV-03-S-2662-S, 2006 U.S.
    Dist. LEXIS 118106 (N.D. Ala. Mar. 6, 2006) ............................................... 14

*Minnifield v. City of Birmingham Dep't of Police*, 791 F. App'x 86
    (11th Cir. 2019) ................................................................................................ 15

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ................ 13, 14

*Moore-Williamson v. Mercer Univ.*, No. 5:05-CV-140, 2007 U.S.
    Dist. LEXIS 15997 (M.D. Ga. Mar. 7, 2007) .................................................. 17

*Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir. 1997). .............................. 13

*Odom v. Columbia Univ.*, 906 F. Supp. 188 (S.D.N.Y. 1995) ................................ 18

*Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117 (2014) .................................... 9, 10

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ............................................. 13

*Potter v. Williford*, 712 F. App'x, 953 (11th Cir. 2017) ......................................... 14

*Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678
  (11th Cir. 2001) .................................................................................................. 12

*Rutstein v. Avis Rent A-Car Sys., Inc.*, 211 F.3d 1228
  (11th Cir. 2000) .................................................................................................. 14

*Shanks v. Potter*, 451 F. App'x 815 (11th Cir. 2011) .............................................. 7

*Siddiqui v. NetJets Aviation, Inc.*, 773 F. App'x. 562
  (11th Cir. 2019) .................................................................................................. 12

*Strategic Income Fund, L.L. C. v. Spear, Leeds & Kellogg Corp.*,
  305 F.3d 1293 (11th Cir. 2002) ........................................................................... 9

*Taylor v. Runyon*, 175 F.3d 861 (11th Cir. 1999) .................................................. 16

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018) .............................. 10

*Webster v. Fulton Cty., Ga.*, 283 F.3d 1254 (11th Cir. 2002) .................................. 14

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313
  (11th Cir. 2015) ............................................................................................. 9, 10

*White v. Roosevelt Union Free Sch. Dist. Bd. of Educ.*, No. 15-CV-
  1035, 2016 U.S. Dist. LEXIS 105800 (E.D.N.Y. Aug. 8, 2016) ....................... 18

**RULES**

Rule 8, Fed. R. Civ. P. ..................................................................................... 6, 7, 9

I.      INTRODUCTION

Plaintiff's Complaint (the "Complaint") contains two (2) claims against the City. In Count One, Plaintiff asserts that the City discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. (*See* Doc. 1 at pp. 5-7). Count Two alleges that Plaintiff was discriminated against based on his race, in violation of 42 U.S.C. § 1981, and denied rights afforded to him under the Constitution and laws of the United States. Therefore, according to Plaintiff, the City is liable for violations of 42 U.S.C. § 1983.

Plaintiff's Complaint consists of speculative and conclusory allegations and does not identify the statutes, constitutional provisions, or municipal policies and customs made the basis of the claims. The counts are "shotgunned," making it impossible to know the specific facts supposedly supporting each claim—there are no individual supporting facts alleged for each count. As such, Plaintiff's Complaint is not legally sufficient under the minimum federal pleading standards, fails to state legally cognizable claims for relief, and, thus, is due to be dismissed.

II.     STANDARD OF REVIEW

Rule 8 of the *Federal Rules of Civil Procedure* provides the requisite pleading standards for actions in federal courts. A motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* requires an evaluation of the sufficiency of the complaint in light of Rule 8's pleading requirements. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

While "detailed factual allegations" are not required by Rule 8, "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is required to survive a motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). A two-part test is used to evaluate the sufficiency of a complaint. First, "the court should eliminate any allegations in the complaint that are mere legal conclusions." *Shanks v. Potter*, 451 F. App'x 815, 817 (11th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). Next, the court should "assume the veracity of the well-pleaded factual allegations and determine whether they 'plausibly suggest an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations incorporated).

### III.   LEGAL ARGUMENT

#### A.   Plaintiff's Complaint Is Due To Be Dismissed For Failure To Satisfy Federal Pleading Standards.

Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 557. Pleadings that contain nothing more than

"a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 557.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. 662, 678 (2009).

Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has identified "two working principles" for applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court need not accept as true legal conclusions when they are "couched as . . . factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. This plausibility standard set out in *Twombly* and *Iqbal* applies to all civil actions, including this one. *See, e.g., Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).

Challenged pleadings must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiff's Complaint in this case fails to do so. Many of the allegations in the Complaint allege mere "violation[s] of civil rights"

without stating or specifying the statutes or constitutional provisions on which the claims are asserted. The City does not know what it is defending.

**B.      Plaintiff's Complaint Constitutes An Impermissible Shotgun Pleading.**

Rule 8 of the *Federal Rules of Civil Procedure* provides that a pleading that states a claim for relief "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). At the beginning of both counts of the Complaint, Plaintiff "adopts and re-alleges" the jurisdiction, parties, administrative procedures and all factual allegations preceding them "as if fully set forth herein." (Doc. 1, ¶¶ 25, 32). This latter feature of the Complaint earns it the notorious status of "shotgun pleading" under binding Eleventh Circuit case law. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (defining a "shotgun" pleading as a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Shotgun pleadings make "it is virtually impossible to lmow which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Indeed, the Eleventh Circuit has lamented "the aggregate negative effects of shotgun pleadings on trial courts," *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.10 (11th Cir. 2002), and has even held that "shotgun pleadings . . . impede the due administration of justice and, in a very real sense, amount to obstruction of justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1134 (11th Cir. 2001).

The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleading practice for years. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (2014).

Rather than accept the head-scratching and guesswork that naturally accompanies the interpretation of a shotgun pleading, the Eleventh Circuit encourages defense attorneys to be proactive by characterizing the complaint as a shotgun pleading and filing a motion for more definite statement or dismissal "on the ground that the complaint provides [the defendant] with insufficient notice to enable it to file an answer." *Id*. at 1126-27. Additionally "[shotgun pleadings] waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Twombly*, 550 US at 981-983).

In this case, both counts of the Complaint incorporate all prior allegations and are nearly identical, differing by a mere two (2) paragraphs that were added in Count Two. Still, both counts recite general factual allegations and bare legal conclusions that Plaintiff's civil rights were violated, while the last paragraph of each count alleges that Plaintiff was injured and damaged. It is not possible to know which allegations support individual claims for relief. Moreover, with few exceptions, Plaintiff fails to state what the City is alleged to have done in each count. *See Weiland*, 792 F.3d at 1321-23 (explaining a complaint is a shotgun pleading when it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . .").

Plaintiff's Complaint is a textbook shotgun pleading. It consists of unsupported statements, conclusions, scant factual detail, allegations not showing a constitutional violation, and initial paragraphs of each count incorporating all preceding allegations. Both counts of the Complaint incorporate all prior allegations, merely allege that Plaintiff's rights were violated,

and contain vague claims for the alleged violations of said rights. These general statements are not enough to state a claim and Plaintiff's Complaint is due to be dismissed.

### C. Plaintiff's Complaint Fails To State A Claim For Discrimination.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations supporting the claims, then the complaint may be dismissed. *Twombly*, 550 U.S. at 555.

Retaliation and discrimination claims brought under Section 1983 and Title VII require the same proof. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (addressing retaliation claims under Section 1983 and Title VII); *Abel v. Dubberly*, 210 F.3d 1334, 1338 (11th Cir. 2000) (addressing discrimination claims under Section 1983 and Title VII). To make out a *prima facie* case of racial discrimination a plaintiff must show (1) they belong to a protected class; (2) they were qualified to do the job; (3) they were subjected to adverse employment action; and (4) their employer treated similarly situated employees outside their class more favorably. *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003).

To the extent Plaintiff alleges a retaliation claim, a *prima facie* showing requires: (1) that he engaged in statutorily protected conduct; (2) that he suffered adverse employment action; and (3) that there is "some causal relation" between the two events. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010).

Consistent with the rule that Title VII and § 1983 have the same burdens of proof, a panel of the Eleventh Circuit has held that, for retaliation claims, the correct standard for causation is that the plaintiff must show that the proffered legitimate reasons for taking the adverse action were a pretext for retaliation and that his protected activity was the "but-for" cause of the adverse action. In *Siddiqui v. NetJets Aviation, Inc.*, the court stated "[a]s in the discrimination context, § 1981 and Title VII retaliation claims are analyzed under the same framework." *Siddiqui v. NetJets Aviation, Inc.*, 773 F. App'x. 562, 566 (11th Cir. 2019). With its analysis, the court held "[u]ltimately, the employee must prove that "the desire to retaliate was the but-for cause of the challenged employment action." *Id*.

Although at the Rule 12 dismissal stage the plaintiff need not specifically plead every element of her claim, the complaint must contain direct or inferential allegations respecting all the material elements necessary to sustain a recovery. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Plaintiff's Complaint fails to do so.

### (1)     *Plaintiff's Complaint Makes Mere Conclusory Allegations.*

Plaintiff's Complaint makes mere conclusions of discrimination and (possibly) retaliation. For example, much of the Complaint generally alleges that the City discriminated against Plaintiff and violated his civil rights by allegedly instructing him not to return to work. A complaint making mere conclusory statements of discrimination and lacking factual detail must be dismissed. *Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 412 (S.D.N.Y. 2014) (dismissing disparate treatment claims because allegations were conclusory and "lack[ed] factual allegations indicating that the[] Caucasian employees were similarly situated to Henry or engaged in similar conduct.").

      **(2)**    *Plaintiff's § 1983 and § 1981 Claims, Respectively, Fail To Allege Facts Necessary To Place Liability On A Municipality And A Discriminatory Intent.*

Plaintiff has failed to establish the City's liability for any violations under 42 U.S.C. § 1983. In *Monell v. New York City Dep't of Soc. Servs.*, the Supreme Court held that "local governments can be held liable for constitutional torts caused by official policies." *Carter v. City of Melbourne*, 731 F.3d 1161, 1166-67 (11th Cir. 2013) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). However, municipal liability is limited "to acts that are, properly speaking, acts of the municipality—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (quotation marks omitted). In determining whether a policy or action represents official municipal policy, the court must determine whether the decision at issue was made by "those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Our "Court's decisions have consistently recognized and given effect to the principle that a municipal official does not have final policymaking authority over a particular subject matter when that official's decisions are subject to meaningful administrative review." *Morro v. City of Birmingham*, 117 F.3d 508, 514 (11th Cir. 1997).

Plaintiff's Complaint is void of any allegations that the City's official policy or custom permits a civil rights violation or violation of § 1981 or § 1983. Further, to the extent Plaintiff was hired by the Leeds Police Chief, as he claims in his Complaint, (Doc. 1, ¶¶ 13-14), the Leeds Police Chief is not the final policy- or decision-maker with respect to employing police officers with the Leeds Police Department—that authority ultimately resides with the Leeds

Personnel Board.[1] Additionally, Plaintiff has not alleged that any policy or custom of the City was the "moving force" behind his alleged termination. *See Monell*, 436 U.S. at 694. For these reasons, Plaintiff's Complaint should be dismissed.

Likewise, the same arguments set out above also apply to Plaintiff's § 1981 claim as it requires a showing of discriminatory intent. *See, e.g., Rutstein v. Avis Rent A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000). Moreover, the Eleventh Circuit has held that a person bringing a § 1981 claim must also prove *Monell* liability, and that § 1981 provides no broader remedy against a state actor. *See Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991). Thus, all arguments made previously support dismissal of Plaintiff's § 1981 claim raised in Count Two.

### (3) *Plaintiff's Complaint Fails To Allege An Adverse Employment Action.*

Plaintiff's race-based and (possibly) retaliation claims assert a Title VII claim, with the race-based claims also asserting a § 1983 claim against the City and a claim for violation(s) of civil rights "under color of state law," alleging racial discrimination. Plaintiff invokes § 1983 as his vehicle for asserting a violation of § 1981 against the City. *See, e.g., Webster v. Fulton Cty., Ga.*, 283 F.3d 1254, 1256 (11th Cir. 2002); *Potter v. Williford*, 712 F. App'x, 953, 954 (11th Cir. 2017).

Claims alleging racial discrimination in violation of § 1981 (via § 1983) and Title VII are subject to the same analytical framework. *See Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019); *McElroy v. Alosi*, Civil Action No. CV-03-S-2662-S, 2006 U.S. Dist. LEXIS 118106, at *10 n.37 (N.D. Ala. Mar. 6, 2006) ("When § 1983 is used as 'a parallel

---

[1] Interestingly, Plaintiff asserts that the City is an "employer" as defined by 42 U.S.C. § 2000e(b) (Doc. 1, ¶ 5), but Plaintiff does not assert that he qualifies as an "employee" under 42 U.S.C. § 2000e(f).

remedy' for discriminatory denial of employment rights conferred by § 1981 or Title VII, the elements of the § 1983 claim are the same as those for § 1981 or Title VII."). "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

Courts have dismissed disparate treatment claims under Rule 12(b)(6) where the complaint did not plausibly allege the plaintiff suffered an adverse employment action—one of the requirements of a *prima facie* case under *McDonnel Douglass*. *Hudson v. Univ. of Ala. Healthcare Sys.*, No. 16-0026-WS-N, 2016 U.S. Dist. LEXIS 101486, at *7 (S.D. Ala. Aug. 3, 2016) ("[T]o survive a motion to dismiss under Rule 12(b)(6), the amended complaint must contain allegations reflecting the existence of one or more adverse employment actions."); *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (affirming 12(b)(6) dismissal for failure to allege adverse employment action); *Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 484 (11th Cir. 2011) (same); *see Davis v. Town of Lake Park*, 245 F.3d 1232, 1246 (11th Cir. 2001), *overruled on other grounds as recognized by Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008) ("Adverse employment action is an indispensable element of a Title VII plaintiff's case.").

"For disparate treatment, an adverse employment action must 'impact the 'terms, conditions, or privileges' of the plaintiff's job in a real and demonstrable way.'" *Minnifield v. City of Birmingham Dep't of Police*, 791 F. App'x 86, 90 (11th Cir. 2019) (quoting *Town of Lake Park*, 245 F.3d at 1239). "Generally, an adverse employment action requires a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."

*McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800 (11th Cir. 2014). "Although the statute does not require proof of direct economic consequences in all cases, the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." *Town of Lake Park*, 245 F.3d at 1239. An objective standard is used to determine the adversity of the employment action: "the employment action must be materially adverse as viewed by a reasonable person under the same circumstances." *Id*.

To succeed on a retaliation claim, the plaintiff is not required to "prove the underlying claim of discrimination." *Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir. 1999). "An employee's complaint about discrimination constitutes protected activity if the employee could 'reasonably form a good faith belief that the alleged discrimination existed.'" *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018) (quoting *Runyon*, 175 F.3d at 869). As with discrimination claims, a plaintiff alleging retaliation is not required to satisfy the *McDonnell Douglas* tripartite test at the pleading stage. *See Marshall v. Mayor of Savannah*, 366 F. App'x 91, 100 (11th Cir. 2010). However, the plaintiff must plead enough factual allegations to at least suggest discriminatory retaliation. *Id*. Accordingly, courts have dismissed retaliation claims under Rule 12(b)(6) for failing to plausibly allege an adverse employment action. *Bell v. Ala. DOT*, No. 2:18-CV-01122, 2021 U.S. Dist. LEXIS 5330, at *2 (N.D. Ala. Jan. 12, 2021) (proper pleading of retaliation claim includes allegations of an adverse employment action); *Chapman*, 442 F. App'x at 484 (affirming dismissal of retaliation claim where plaintiff failed to plead adverse employment action). In the context of retaliation, an adverse employment action is one which would have "dissuaded a reasonable worker from making or supporting a charge of discrimination" to the EEOC, the courts, or their employers. *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff's Complaint does not include any allegations a reasonable person would interpret as materially adverse. As previously stated, the Leeds Police Chief is not the final policy- or decision-maker with respect to employing police officers with the Leeds Police Department, and could not have unilaterally hired Plaintiff without the approval of the Leeds Personnel Board. Plaintiff has not asserted any claims related to the Personnel Board's approval of his hiring. Therefore, because Plaintiff was not officially hired, he was not entitled to any real benefits or privileges of the job, and, consequently, could not have been adversely impacted when he was told not to return to work—in other words, Plaintiff couldn't be denied what wasn't afforded to him in the first place. As such, Plaintiff's assertion that he was told not to return to work does not constitute an adverse employment action for purposes of a disparate treatment claim. *See Moore-Williamson v. Mercer Univ.*, No. 5:05-CV-140, 2007 U.S. Dist. LEXIS 15997, at *10 (M.D. Ga. Mar. 7, 2007) ("While Williamson may have subjectively perceived being escorted off of the premises . . . as demeaning or humiliating, this subjective belief is insufficient to establish the adversity of Mercer's actions."). Further, while Plaintiff speculates that the City told him not to return to work due to his race, the Complaint does not allege that the City contemporaneously indicated to Plaintiff or anyone else that this decision was racially discriminatory.

Accordingly, Plaintiff's claims for racially disparate treatment fail and are due to be dismissed.

### (4) *Plaintiff's Complaint Fails To Identify Substantially Similar Comparators.*

Lastly, Plaintiff's complaint fails to sufficiently plead that he was treated differently than similarly situated comparators outside his class. In *Lewis v. City of Union City*, the Eleventh Circuit held that "a plaintiff asserting an intentional-discrimination claim under

*McDonnell Douglas* must demonstrate that his proffered comparators were 'similarly situated in all material respects.'" *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019).

"All material respects" is a comparison not based on labels, but rather on "substantive likeness." *Lewis*, 918 F.3d at 1228. A similarly situated comparator will have engaged in the same basic conduct (or misconduct) as the plaintiff, will have been subject to the same employment policy, guideline, or rule as the plaintiff, will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff, or will share the plaintiffs employment or disciplinary history. *Id*. at 1227-28.

The "plaintiff must still identify at least one comparator to support a minimal inference of discrimination; otherwise the motion to dismiss stage would be too easy to bypass." *Goodine v. Suffolk Cty. Water Auth.*, No. 14-CV-4514, 2017 U.S. Dist. LEXIS 50435, at *4 (E.D.N.Y. Mar. 31, 2017); *see, e.g., White v. Roosevelt Union Free Sch. Dist. Bd. of Educ.*, No. 15-CV-1035, 2016 U.S. Dist. LEXIS 105800, at *6 (E.D.N.Y. Aug. 8, 2016) (finding plaintiff failed to adequately allege disparate treatment, in part because the complaint was "devoid of facts regarding [his] co-teachers"); *Henry*, 18 F. Supp. 3d at 412 (dismissing disparate treatment claims because allegations were conclusory and "lack[ed] factual allegations indicating that the[ ] Caucasian employees were similarly situated to Henry or engaged in similar conduct"); *Odom v. Columbia Univ.*, 906 F. Supp. 188, 194-95 (S.D.N.Y. 1995) ("Odom's second amended complaint contains nothing more than accusations of race-based discrimination and unequal treatment. Odom does not refer to a single situation in which a student, let alone a similarly situated student, was treated differently by Columbia . . . . Even on a motion to dismiss, a court cannot accept naked assertions in a complaint that does not set forth supporting allegations of facts.") ( quotations omitted).

Here, Plaintiff does not identify any comparators or allege how persons of another class were treated differently. Instead, he offers only a conclusion that the City "has a habit and/or practice of allowing and condoning discrimination based on race" (Doc. 1, ¶¶ 28, 43), and that the City "condoned and tolerated discrimination." (*Id*. at ¶¶ 31, 46), but fails to provide any factual detail whatsoever. Plaintiff does not even allege that he was treated differently than other coworkers, regardless of race. It is insufficient for Plaintiff to assert disparate treatment without factual allegations indicating that other similarly-situated employees were treated differently. Simply put, no indication is alleged as to how other employees are adequate comparators. Therefore, Plaintiff's Complaint is due to be dismissed.

## IV.  CONCLUSION

Because Plaintiff's factual allegations constitute a shotgun pleading and do not contain sufficient or particularized facts to state a plausible claim for relief, Plaintiff's conclusory legal assertions must be rejected. As such, Plaintiff's Complaint does not satisfy federal pleading standards and is due to be dismissed with prejudice.

Respectfully submitted,

/s/  Roderick K. Nelson
RODERICK K. NELSON
*Attorney for Defendant,*
City of Leeds

**OF COUNSEL**:
SPAIN & GILLON, L.L.C.
505 20th Street North, Suite 1200
Birmingham, Alabama  35203
Tel:    (205) 328-4100
Email: rnelson@spain-gillon.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 31, 2023, a copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF System which sends notification of such filing to counsel of record in this cause and that those not registered with CM/ECF for electronic notification have been served by U.S. Mail.

                                          /s/  *Roderick K. Nelson*
                                          OF COUNSEL